# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

HP Laptop computer, serial number 5CD6151WNH, and other electronic storage devices all presently stored at USPIS Domicile Evidence Room, 2000 Royal Oaks Drive, Sacramento, Ca, and all as more fully described in Attachment A, fully incorporated herein

**APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT**

Case Number: 2:17-SW-0427

**FILED**
MAY 30 2017
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

I, __Michael Chavez__, being duly sworn depose and say:

I am a (n) __U. S. Postal Inspector__ and have reason to believe that:
☐ on the person of or ☒ on the property or premises know as (name, description and/or location)

**See Attachment A, attached and incorporated herein**

in the _____EASTERN_____ District of _____CALIFORNIA_____

there is now concealed a certain person or property, namely (describe the person or property to be seized)

**See Attachment B, attached and incorporated herein**

which is (state one or more bases for search set forth under Rule 41(c) of the Federal Rules of Criminal Procedure)

**evidence, fruit, and instrumentalities, and other property designed for use, and intended for use and used in committing crimes**

concerning a violation of Title __18__ United States code, Section (s) __1344(1)(2), 1708, 1028A(a)(1),__

The facts to support a finding of probable cause are as follows: **See Attached Affidavit, fully incorporated herein**
Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

_____
Signature of Affiant
Michael Chavez, Postal Inspector

Sworn to before me and subscribed in my presence,

__May 30, 2017__                     at   Sacramento, California_____
Date                                          City and State

_____        _____
KJ Newman U.S. Magistrate Judge             Signature of Judge
Name and Title of Judge

## ATTACHMENT A

The items to be searched -- currently securely stored at the USPIS Sacramento Domicile, Evidence Room, 2000 Royal Oaks Drive, Sacramento, California -- include the following electronic devices:

1. Memorex thumbdrive, black/red in color
2. Samsung cellular phone, black/gray in color with shattered screen
3. DANE-ELEC 8GB thumbdrive, red/orange in color
4. Sandisk Cruzer 4GB thumbdrive, black in color
5. Zeki tablet model TBDG734QB, black in color
6. Entouch Pantech cellular phone, black in color
7. Samsung cellular phone, black in color
8. Vortex cellular phone, black in color
9. iMagic external drive, black/gray in color
10. HP Laptop computer, serial number 5CD6151WNH

///

## ATTACHMENT B

1. Electronic books, records, receipts, notes, ledgers, pictures, video, and communications (emails and text messaging) relating to obtaining, possessing, profiling, using, and or selling personal and financial identifying information, to include i.d. numbers, financial institution account numbers, credit cards and credit card images and numbers, and goods and services obtained.

2. Electronic books, records, receipts, notes, ledgers, pictures, video, and communications (emails and text messaging) relating to the false use or theft of personal and financial identifying information, checks, credit and debit cards, and merchandise (including references to vehicles, gloves, pry bars, other theft/burglary tools, computers, printers, i.d. and check making software, electronic reader writers, label makers, heat sealers, embossers, identification imprinters, paper stock, access devices, and/or stolen property proceeds).

3. Electronic address and/or telephone books and other electronic materials reflecting names, addresses, and/or telephone numbers of any persons who may be involved in theft of U.S. Mail or postal property, identity theft, mail fraud, access device fraud, wire fraud, bank fraud, and sales of such items obtained by fraud. Electronic books, records, receipts, notes, ledgers, pictures, video, and communications (emails and text messaging) relating to victims of theft, forwarding, or possession of U.S. Mail, and relating to the theft and sale of personal identifying and financial information. Any and all names, addresses, identification information, and telephone numbers of potential victims. All information re possession, ownership, control or use of such materials. Such victims include, but are not be limited to D.M., K.M.,D.L., E.L., K.H., K.R., and D.K. which full names are known to law enforcement.

4. Electronic books, records, receipts, bank statements and records, money drafts, letters of credit, money order and cashier checks receipts, passbooks, bank checks and other electronic items evidencing the obtaining, secreting, transfer, and/or concealment of assets and the obtaining, secreting, transfer, concealment and/or expenditure of money associated with theft or possession of stolen U.S. Mail, postal property, stolen property, electronic transfer of funds, and the use of identifications, checks, and application of credit cards in the names of persons other than Anthony Shepherd, Tiffany Ornelas, Malcolm Allen, and Justin Clayton. All records related to the use of victim addresses.

5. Image files of any and all associates and people referenced in electronic books, records, receipts, bank statements and records, money drafts, letters of credit, money order and cashier checks receipts, passbooks, bank checks and other electronic items evidencing the obtaining, secreting, transfer, and/or concealment of assets and the obtaining, secreting, transfer, concealment and/or expenditure of money associated with theft of U.S. Mail, postal property, stolen property, the use of identifications of others, credit card applications in the names of others, and the electronic transfer of funds.

6. Electronic books, records, receipts, notes, ledgers, pictures, video, and communications (emails and text messaging) relating to use, acquisition, and/or sale of others' mail, personal identifying information, and financial information. Electronic books, records, receipts, notes, ledgers, pictures, video, and communications (emails and text messaging) relating to contents of mail or property in the names of others (including relating to mailed cash and checks and postal customer property), together with indicia of the possession, control, ownership, or use of such records.

7. Electronic books, records, receipts, notes, ledgers, pictures, video, and communications (emails and text messaging) relating to online purchases, on-line chats, and e-mails relating to victim profiles, obtaining, possessing, and creating i.d.s and or financial instruments in names other than Anthony Shepherd, Tiffany Ornelas, Malcolm Allen, and Justin Clayton

8. Electronic books, records, receipts, notes, ledgers, pictures, video, and communications (emails and text messaging) relating to device (and or i.d.) making materials/equipment.

9. Electronic books, records, receipts, notes, ledgers, pictures, video, and communications (emails and text messaging) relating to causing mail to be sent in names other than Shepherd, Clayton, Ornelas, or Allen including the fraudulent application of credit/debit cards, the mailing of such cards, and the fraudulent use of such cards.

AFFIDAVIT

I, Michael Chavez, being duly sworn, depose and state as follows.

1.      I am a Postal Inspector and have been so employed since February 2006. Currently, I am assigned to the San Francisco Division of the United States Postal Inspection Service (USPIS), and I work out of the Sacramento office. During my tenure, I have completed training at the United States Postal Inspection Service Academy in Potomac, MD. As a part of my official duties, it is my responsibility to investigate violations of federal and state law, including robbery/burglary of postal facilities, destruction of government property, theft of U.S. Mail, possession of stolen U.S. Mail, mail/bank fraud, credit card fraud, identity theft and/or counterfeit personal checks and identifications. As an Inspector with the USPIS, I have participated in numerous criminal investigations relating to theft of U.S. Mail, counterfeit personal and corporate checks, possession of stolen U.S. Mail, credit application fraud, bank fraud, identity theft and counterfeit identifications.

2.      The statements in this affidavit are based (a) on my personal knowledge, (b) on my participation in this investigation, (c) on my training and experience and on the training and experience of other law enforcement personnel with whom I have discussed this case, (d) on information gained from other law enforcement personnel, state and federal reports, and data bases, and (e) on statements of witnesses, victims, and postal personnel.

3.      This affidavit is submitted in support of an Application for a Search Warrant for the following electronic devices:

   1. Memorex thumbdrive, black/red in color seized on 3/28/17
   2. Samsung cellular phone, black/gray in color with shattered screen seized on 3/28/17
   3. DANE-ELEC 8GB thumbdrive, red/orange in color seized on 3/28/17
   4. Sandisk Cruzer 4GB thumbdrive, black in color seized on 3/28/17
   5. Zeki tablet model TBDG734QB, black in color seized on 3/31/17
   6. Entouch Pantech cellular phone, black in color seized on 3/31/17
   7. Samsung cellular phone, black in color seized on 3/31/17
   8. Vortex cellular phone, black in color seized on 3/31/17
   9. iMagic external drive, black and gray in color seized on 3/31/17
   10. HP Laptop computer, serial number 5CD6151WNH seized on 3/31/17

4.      All electronic devices are presently securely stored at the USPIS Domicile, Evidence Room, 2000 Royal Oaks Drive, Sacramento, CA, as further described in "Attachment A", which is attached hereto and fully incorporated herein. The warrant is for items set forth in "Attachment B", which is attached hereto and fully incorporated herein. The items set forth in "Attachment B" constitute evidence, fruit, and instrumentalities of violations of 18 USC 1344(1) and (2) (Bank fraud); 18 USC 1708 (Possession of stolen U.S. Mail); and 18 USC 1028A(a)(1) (Aggravated Identity Theft).

5.      Law enforcement has obtained evidence indicating that beginning at least on or about March 9, 2017 and continuing to date, Anthony Shepherd (DOB 7/31/81), working with Tiffany Ornelas (DOB 9/5/80) and others, devised a material scheme to defraud, and attempt to defraud, federally insured financial institutions. Shepard, working with Ornelas and other associates, executed and aided and abetted the scheme by obtaining, rifling, profiling, and altering financial information and instruments from stolen US Mail and from other stolen property. As set forth herein, Shepherd, working with associates, catalogued, saved, and possessed stolen mail and property at, among other locations, his residence at 5515 Alicia Ave, Oliverhurst Ca. In processing the stolen mail and property, Shepherd profiled and stored for transfer and use victims' stolen U.S. Mail (including stolen U.S. Mail packaging for mailed checks for victim D. L.), bank and access devices (credit and or debit

cards), and stolen checks. Law enforcement has obtained evidence that Shepherd and his associates have used without authority the identities of victims in furtherance of the bank fraud scheme. Law enforcement has obtained evidence that forged victim signatures have been placed on stolen financial instruments, including on a fraudulent victim D. L. check (an item of stolen US Mail) presented by Ornellas for cash, all to get money, goods, and services at the expense of victim financial institutions. The 10 items to be searched were seized pursuant to separate state search warrants, one executed on 3/31/17 for Shepherd's 5515 Alicia Ave Olivehurst Ca residence and the other on 3/28/17 for Ornellas' 5922 Lowe Ave, No 39, Marysville Ca residence.

6.     On 3/10/17 and 3/16/17, victims D.M. and K.M. reported to law enforcement that a vehicle storage compartment affixed to their vehicle was stolen while the vehicle was parked in front of their residence in Marysville, CA. Among the items reported stolen was camping equipment, a 38 caliber handgun, a Gymboree Visa credit card (ending 0180), and personal checks (Wells Fargo Bank account ending 3320). Law enforcement later determined the Gymboree Visa (ending 0180) was fraudulently presented for goods at Walmart in Marysville, CA and at Bel Air in Yuba City, CA. Specifically, the Visa credit card ending 0180 was presented for payment at the Bel Air to complete two transactions (which were each declined) in the amounts of $11.83 (4:23 PM) and $17.15 (4:27 PM). Law enforcement obtained high quality surveillance images of the subject presenting the card ending 0180 for the $17.15 transaction (later identified Shepherd) and the subject presenting the same card (ending 0180) for the $11.83 transaction (later identified as Malcolm Allen (DOB 12/27/63)). Based on review of the surveillance images (of the $17.15 transaction) by law enforcement with prior personal contact with Shepherd, review of prior booking and or DMV photos of Shepherd, and common sense, the person depicted in the images is Shepherd (accompanied by Allen). Also, based on review of the surveillance images by law enforcement, and review of DMV photos of Allen, and common sense, the person depicted in the images (of the $11.83 transaction) is Allen (accompanying Shepherd). Both Shepherd and Allen were present for both transactions.

7.     At the Walmart in Marysville, on 3/15/17, the Visa credit card ending 0180 was presented to purchase goods in the amount of $290.57. Law enforcement obtained high quality surveillance images for the attempted transaction. Based on review of the surveillance images by law enforcement with prior personal contact with Shepherd, review of prior booking and or DMV photos of Shepherd, and common sense, the person depicted in the images is Shepherd.

8.     On 3/10/17, victims D.M. and K.M.'s stolen Well Fargo Bank check number 1341, drawn on the account ending 3320, was successfully negotiated for $700.00 at the Wells Fargo Bank branch, then federally insured, located at 900 Colusa Ave in Yuba City, CA. Law enforcement obtained high quality surveillance images of the subject negotiating the forged stolen check. Based on review of the surveillance images by law enforcement, and review of DMV photos of Allen, and common sense, the person depicted in the images negotiating Check number 1341 is Allen.

9.     On 3/11/17, victims D.M. and K.M.'s stolen Well Fargo Bank check number 1338, drawn on the account ending 3320, was successfully negotiated for $850.00 at the Wells Fargo Bank branch located at 1286 Stabler Lane in Yuba City, CA. Law enforcement obtained high quality surveillance images of the subject negotiating the forged stolen check. Based on review of the surveillance images by law enforcement, and review of DMV photos of Allen, and common sense, the person depicted in the images negotiating Check number 1338 is Allen.

10.    On 3/11/17, victims D.M. and K.M.'s stolen Well Fargo Bank check number 1339, drawn on the account ending 3320, was successfully negotiated for $800.00 at the Wells Fargo Bank branch located at 900 Colusa Ave in Yuba City, CA. Law enforcement obtained high quality surveillance images of the subject negotiating the forged stolen check. Based on review of the surveillance

images by law enforcement, and review of DMV photos of Allen, and common sense, the person depicted in the images negotiating Check number 1339 is Allen.

11.  On 3/15/17, victim D.L. reported to law enforcement that he/she discovered his/her locked mailbox was pried open and the contents were stolen (including his/her Sierra Central Credit Union, then federally insured, checks (account ending 5534) which he/she was expecting). Also on 3/15/17, D.L. was contacted by Sierra Central Credit Union (located at 422 4th Street in Marysville, CA) to confirm the validity of a check (account ending 5534) a male subject identifying himself as "Justin Clayton" was attempting to negotiate for $700.00. D.L. advised Sierra Central Credit Union that neither he/she nor his/her spouse E.L. wrote the check nor did they know "Justin Clayton". Law enforcement confirmed that on 3/15/17, victims E.L and D.L.'s stolen Sierra Central Credit Union check number 6281, drawn on the account ending 5534, was forged and made payable to the order of "Justin Clayton". Law enforcement obtained high quality surveillance images of the subject attempting to negotiate the forged stolen check, number 6281 for $700.00. Based on review of the surveillance images by law enforcement, and review of DMV photos of Justin Clayton (DOB 7/29/86), and common sense, the person depicted in the images negotiating Check number 6281 is Clayton. Additionally, at the time of the attempted transaction, the teller captured the CA Drivers' License number Dxxx7321 which law enforcement confirmed belonged to Justin Clayton (DOB 7/29/86). Law enforcement later confirmed that the thumb print used in the attempted negotiation of forged check number 6281 for $700.00 was that of Justin Clayton.

12.  Also on 3/15/17 -- after victim D.L. reported to law enforcement that he/she discovered his/her locked mailbox was pried open and the contents were stolen (including his/her Sierra Central Credit Union checks (account ending 5534) which he/she was expecting) and while victim D.L. was in the Sierra Central Credit Union located at 422 4th Street in Marysville, CA to close the account -- another stolen and forged check (number 6283) was presented for negotiation. A female subject (later identified as Tiffany Ornellas) was attempting to negotiate check number 6283 for $250.00. D.L. advised Sierra Central Credit Union that neither he/she nor his/her spouse E.L. wrote check number 6283. Law enforcement later obtained check number 6283, drawn on the account ending 5534, and determined it was forged and made payable to the order of "Tiffaney Ornealas". Law enforcement obtained high quality surveillance images of the female subject attempting to negotiate the forged stolen check, number 6283, for $250.00. Based on review of the surveillance images by law enforcement, and review of DMV photos of Tiffany Ornellas, and common sense, the person depicted in the images attempting to negotiate check number 6283 is Ornellas. Additionally, at the time of the attempted transaction, the teller captured a U.S. Passport number, 4xxxx6166, used as identification by Ornellas at the time of the attempted transaction. During a later state search warrant at Ornellas' 5922 Lowe Ave Number 39 residence, law enforcement seized the passport, 4xxxx6166, used by Ornellas to attempt to cash check number 6283. After Ornellas left the bank (following the unsuccessful attempt to cash check number 6283), bank personnel observed her get into a vehicle (plate number 4PUJO59). The bank personnel also saw at that time the person previously identifying himself as Justin Clayton seated in the vehicle. Further, the CA license plate number 4PUJ059 of the vehicle used by Ornellas was captured, which plate number law enforcement confirmed is registered to Michael Ornelas (later determined to be Tiffany Ornellas' brother). Law enforcement later confirmed that the thumb print used in the attempted negotiation of forged check number 6283 for $250.00 was that of Tiffany Ornellas.

13.  On 3/28/17, law enforcement executed a state search warrant for Ornelas' residence, 5922 Lowe Ave #39 in Marysville, CA. Pursuant to the search, law enforcement seized among other things a black and red Memorex USB thumbdrive, a black and gray Samsung cellular phone with shattered screen (serial number unknown), a red and orange Dane-Elec 8GB thumbdrive, and a black Sandisk thumbdrive . Additionally, on 3/31/17, law enforcement executed a further state search warrant for Shepherd's residence, 5515 Alicia Ave in Olivehurst, CA. Pursuant to this search, law

enforcement seized, among other items, stolen mail (packaging from the stolen checks of victim D.L. and E.L.), and stolen property (access devices in the name of victims K.M. and D.M.). Additional access devices were seized including in the names of victims K.H., K.R., and D.K. Multiple electronic devices were also seized including a black Zeki brand tablet (model TBDG734QB), black Entouch Pantech cellular phone (serial number unknown), a black Samsung cellular telephone (serial number unknown), a black Vortex cellular phone (serial number unknown), a black and gray iMagic brand external drive, and a black HP Laptop computer (serial number 5CD6151WNH).

14. I am aware that individuals, such as Shepherd, Ornelas, Clayton, and Allen involved in check, mail, bank, credit application, and access device fraud schemes (including schemes to acquire and to use federally insured bank credit cards assigned to others) often obtain and profile the contents of stolen US Mail to further their schemes. Such individuals often possess stolen U.S. Mail for long periods of time for use in their schemes. Such individuals often work with others to use stolen items (including financial info and i.d. info), often maintain close contact, and travel together. I am aware that in financial fraud and identity theft schemes, perpetrators often use victim names, pose as victims on-line to make internet transactions and to open accounts, and to cause fraudulently purchased items to be mailed in victim names. Perpetrators will do this to avoid detection and to create layers of anonymity. Also to avoid detection, perpetrators will cause fraudulently purchased items to be mailed and stored at different locations. I am aware that perpetrators will keep tools, implements, financial statements, access devices, and stolen items close to themselves (especially in electronic devices, vehicles, on their person, in their residences, and in storage units). They also maintain such in areas in which they have access to ensure custody and control of the items and for easy access for use or disposal.

15. Based upon my training and experience, my conversations with other law enforcement personnel assisting in this case, and my investigation in this case, I am aware that persons involved in identity theft, possession of stolen U.S. mail, credit card fraud, and bank fraud along with their conspirators/accomplices use mobile cell phones and computer laptops and other electronic devices to communicate with one another, either by voice calls, emails, or text messages regarding their fraud and theft activities. I know that such persons who use such devices commonly exchange real time information about theft and fraud activity and other information regarding execution of theft or fraudulent transactions. Such information can be found stored in the text / email messages of such devices. Such persons also use the devices to link with the internet to obtain addresses and maps and locations/addresses of victims. Such devices can also be used to remotely make (on-line) fraudulent applications and or purchases. Such devices can also be used to perform false or fraudulent mobile banking operations, transactions, and checks (verifications).

16. Based upon my training and experience, my conversations with other law enforcement personnel assisting in this case and my investigation in this case, I am aware that the complete contents of text messages and emails may be important to establishing the actual user who has dominion and control of a particular phone or computer at a given time. Cell phones may be subscribed to under false names with little to no verification by the service provider. Cell phones and computers may also be used by multiple people. Given the ease with which such items may be obtained and used, and the rarity with which law enforcement has eyewitness testimony about a defendant's use of a particular cell phone or device that was used to send a particular text or email message, investigators often have to rely on circumstantial evidence to show that an individual was the actual user of a particular cell phone or device. Often, by piecing together information contained in the contents of the device (cell phone or computer or storage device) an investigator can establish the identity of the actual user. Often, those pieces will come from a time period before the device was used in criminal activity. Limiting the scope of the search for information showing the actual user of the device would, in some instances, prevent the government from identifying the user of the device and, in other instances, prevent a defendant from suggesting that someone else was

responsible. Therefore, the entire content of an electronic communication device often provides important evidence regarding the actual user's dominion and control of the device.

17. Based upon my training and experience, my conversations with other law enforcement personnel assisting in this case, and my investigation in this case, I am aware that persons discussing unlawful activity via electronic communication devices (computer email and cell phone text messaging) may use slang, .pdfs (images), short forms (abbreviated words or phrases such as "lol" to express "laugh out loud"), or code words (which require entire strings or series of text message conversations to determine their true meaning) when discussing their crimes. They can also discuss aspects of the crime without specifically mentioning the crime involved. It is even possible to use pictures, images, and emoticons (images used to express a concept or idea such as a happy face inserted into the content of a text message or the manipulation and combination of keys on the computer keyboard to convey an idea, such as the use of a colon and paren :) to convey a smile or agreement) to discuss matters. "Keyword searches" or other automated methods of review of the text messages sent to and from the subject device would not account for any of these possibilities, so actual review of the text, .pdfs (images), and email messages by law enforcement personnel with information regarding the identified criminal activity is necessary to find all relevant evidence. Based upon my training and experience, my conversations with other law enforcement personnel assisting in this case and my investigation in this case, I have learned the following additional information:

(a) Individuals who steal, misdirect, take, unlawfully possess, or by fraud or deception obtain, U.S. Mail often maintain the U.S. Mail, and its contents to include financial records, for long periods of time to exceed months. Such individuals will also scan onto computers, cell phones, and computer storage devices stolen mail or fraudulently obtained mail (and its contents) and maintain on computers, cell phones, and storage devices co-conspirators names, victim's names, addresses (of victims, associates, accomplices), and stolen means of identification, thereby reducing such items' exposure to law enforcement and the community. Individuals will then frequently dispose of the mail to avoid detection or association with the stolen mail.

(b) Individuals who steal, misdirect, take, unlawfully possess, or by fraud or deception obtain, identity information (including names, date of birth, account numbers, SSNs, and other financial information) will often maintain this information for long periods of time to exceed months. Such individuals will also scan such (create image files) onto computers, cell phones, and computer storage devices and maintain such on computers, cell phones, and storage devices of co-conspirators, thereby reducing such items' exposure to law enforcement and the community.

(c) Also, individuals involved in stealing or fraudulently obtaining U.S. Mail and possessing financial information of others for fraud or deception, use laptop computers to remain in contact (communicate) with others involved in the same type of criminal activity. These individuals often retain evidence of such activity on their computer(s) or other forms of electronic storage media (including cell phones) for long periods of time. Individuals who fraudulently use the U.S. Mail and or financial information of others also use computers to access the internet to assess value and or validity of items obtained fraudulently from the U.S. Mail and or financial information, to barter and sell such stolen property/information, to communicate with others to sell and trade the stolen property/information, and to solicit information regarding the stolen property/information.

18. I am aware that even if a perpetrator deletes evidence from electronic storage devices of criminal activity (such as identity theft, and fraudulent use of financial information in U.S. Mail), the evidence often can be recovered from computers or other forms of electronic storage media.

19. I am aware that searching and seizure of electronic storage devices requires a qualified computer forensic specialist and must be conducted in a laboratory or other controlled environment. This is true based on the following:

(a). The volume of evidence: Computer storage devices (like hard disks, diskettes, tapes, laser disks, Jaz, Zip, tablets, cell phones and portable storage devices, SD storage adapter and cards and other such storage devices/drives) can store the equivalent of thousands of pages of information. Additionally, a suspect may try to conceal criminal evidence; he or she might store it in random order with deceptive (misleading) file names. This requires searching authorities to examine all the stored data to determine which particular files/data are evidence or instrumentalities of a crime. This sorting process can take weeks or months, depending on the volume of data stored.

(b). Technical requirements: Searching computer systems for criminal evidence is a highly technical process requiring expert skill and a properly controlled environment. The vast array of computer hardware and software available requires even computer experts to specialize in some systems and applications, so it is difficult to know before a search expert is qualified to analyze the system and its data. Also, data search protocols are exacting scientific procedures designed to protect the integrity of the evidence and to recover even "hidden," erased, compressed, password protected, or encrypted files. Since computer evidence is extremely vulnerable to inadvertent or intentional modification or destruction (both from external sources or from destructive code imbedded in the system as a "booby trap") a controlled environment is essential to its complete and accurate analysis.

(c). Data analysis may use several different techniques to search electronic data for evidence or instrumentality's of a crime. These include, but are not limited to the following: examining file directories and subdirectories for the lists of files they contain, "opening" or reading the first few "pages" of a selected files to determine their contents, scanning for deleted or hidden data, searching for key words or phrases ("string searches"). Such search techniques also include review of all image files for victim i.d. and financial info, profiles, and or copying.

20. I am aware that searching and seizure of electronic storage devices requires a qualified computer forensic specialist and must be conducted in a laboratory or other controlled environment. Therefore, your affiant requests authority to make a return on any seized electronic storage devices 120 days after the items are searched. If additional time is needed, the government may seek an extension of this time period from the Court within the original 120 day period from the date of execution of the warrant.

21. Based on my training and experience, and the training and experience of law enforcement personnel with whom I have discussed this matter, and based on common sense, I am aware that evidence, fruits, and instruments of individuals engaged in financial fraud, identity theft, and fraudulent use of stolen financial information (including from U.S. Mail), as described herein, are typically kept on their person, in electronic devices they possess, in their vehicle they use, in their residences and surrounding garages, carports, storage units, and in their historical family residence that they continue to use and maintain. Based on my training and experience, and the training and experience of law enforcement personnel with whom I have discussed this matter, and based on common sense, I am also aware that evidence, fruits, and instruments of individuals engaged in financial fraud, identity theft, and fraudulent use of stolen financial information (including from U.S. Mail), as described herein, possess tools and victim info and other such items in electronic storage devices they possess, including in their residences and vehicles.

22. Based on my training and experience, and the training and experience of law enforcement personnel with whom I have discussed this matter, and based on common sense, I am aware that persons engaged in financial fraud, including access device and bank fraud, cause mail to be

misdirected to addresses that they utilize. Such persons also use associate addresses online to receive merchandise, financial documents, access devices, and other items.

23. Based on my training and experience, and the training and experience of law enforcement personnel with whom I have discussed this matter, and based on common sense, I am aware that persons engaged in financial crimes, including access device and bank fraud, sort and categorize the stolen data and items they obtained, including stolen U.S. Mail, and then dispose of the unwanted items by tossing or disregarding them in locations such as their trash. Such perpetrators commonly sort and create profiles with the contents of stolen U.S. Mail, including on electronic storage devices. Also, perpetrators keep contents of stolen U.S. Mail, including financial and identification information of victims in their electronic devices as well as in their residences and vehicles.

24. For the reasons stated above, there is probable cause to believe that evidence, fruits, contraband, and instrumentalities, as more fully described in Attachment B to the Search Warrant and Application for Search Warrant, hereby fully incorporated herein, of violations of 18 USC 1344(1) and (2): Bank fraud; 18 USC 1708: Possession of stolen U.S. Mail; 18 USC 1028(a)(3): and 18 USC 1028A(a)(1): Aggravated Identity Theft, may be found on the identified 10 electronic items, currently located at the U.S. Postal Inspection Service, Evidence Room, Sacramento Domicile, 2000 Royal Oaks Drive, Sacramento, CA, which items are further described in "Attachment A". Accordingly, your affiant respectfully requests that the attached search warrant be issued.

Michael Chavez
US Postal Inspector

Sworn and subscribed before me
this __30__ day of May 2017

Kendall J. Newman
US MAGISTRATE JUDGE

Approved: Michelle Rodriguez, AUSA

AO 93 (Rev. 12/03) Search Warrant

# UNITED STATES DISTRICT COURT

        EASTERN        District of        CALIFORNIA

In the Matter of the Search of
(Name, address or brief description of person or property to be searched)

HP Laptop computer, serial number 5CD6151WNH, and other electronic storage devices all presently stored at USPIS Domicile Evidence Room, 2000 Royal Oaks Drive, Sacramento, Ca, and all as more fully described in Attachment A, fully incorporated herein

**SEARCH WARRANT**

Case Number: 2:17-SW-0427 KJN

To: __Michael Chavez – US Postal Inspector__ and any Authorized Officer of the United States.

Affidavit(s) having been made before me by __Michael Chavez – US Postal Inspector__ who has reason to
                                                                  Affiant

believe that ☐ on the person of, or ☒ on the premises known as (name, description and/or location)
**See Attachment A, attached hereto and fully incorporated herein**

in the _____Eastern_____ District of _____California_____ there is now concealed
a certain person or property, namely (describe the person or property)

**See Attachment B, attached hereto and fully incorporated herein**

I am satisfied that the affidavit(s) and any record testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED TO SEARCH ON OR BEFORE     June 13, 2017
                                                                                                Date

(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making the search ☐ in the daytime -- 6:00 A.M. to 10:00 P.M. ☒ at anytime in the day or night as I find reasonable cause has been established and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the person or property taken and prepare a written inventory of the person or property seized and promptly return this warrant to **HON. K J Newman** or other U.S. Magistrate Judge (Rule 41(f)(f4)), as required by law.

1:25 p.m.

May 30, 2017     at     **Sacramento, California**
Date and Time Issued                                             City and State

**Kendall Newman, U.S. Magistrate Judge**
Name and Title of Judge                                     Signature of Judge

| RETURN | Case Number: | |
|---|---|---|
| DATE WARRANT RECEIVED | DATE AND TIME WARRANT EXECUTED | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH |

INVENTORY MADE IN THE PRESENCE OF

INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT

**CERTIFICATION**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____
Signature of Affiant

Subscribed, sworn to, and returned before me this date.

_____            _____
Signature of Judge                                                   Date

## ATTACHMENT A

The items to be searched -- currently securely stored at the USPIS Sacramento Domicile, Evidence Room, 2000 Royal Oaks Drive, Sacramento, California -- include the following electronic devices:

1. Memorex thumbdrive, black/red in color
2. Samsung cellular phone, black/gray in color with shattered screen
3. DANE-ELEC 8GB thumbdrive, red/orange in color
4. Sandisk Cruzer 4GB thumbdrive, black in color
5. Zeki tablet model TBDG734QB, black in color
6. Entouch Pantech cellular phone, black in color
7. Samsung cellular phone, black in color
8. Vortex cellular phone, black in color
9. iMagic external drive, black/gray in color
10. HP Laptop computer, serial number 5CD6151WNH

///

## ATTACHMENT B

1. Electronic books, records, receipts, notes, ledgers, pictures, video, and communications (emails and text messaging) relating to obtaining, possessing, profiling, using, and or selling personal and financial identifying information, to include i.d. numbers, financial institution account numbers, credit cards and credit card images and numbers, and goods and services obtained.

2. Electronic books, records, receipts, notes, ledgers, pictures, video, and communications (emails and text messaging) relating to the false use or theft of personal and financial identifying information, checks, credit and debit cards, and merchandise (including references to vehicles, gloves, pry bars, other theft/burglary tools, computers, printers, i.d. and check making software, electronic reader writers, label makers, heat sealers, embossers, identification imprinters, paper stock, access devices, and/or stolen property proceeds).

3. Electronic address and/or telephone books and other electronic materials reflecting names, addresses, and/or telephone numbers of any persons who may be involved in theft of U.S. Mail or postal property, identity theft, mail fraud, access device fraud, wire fraud, bank fraud, and sales of such items obtained by fraud. Electronic books, records, receipts, notes, ledgers, pictures, video, and communications (emails and text messaging) relating to victims of theft, forwarding, or possession of U.S. Mail, and relating to the theft and sale of personal identifying and financial information. Any and all names, addresses, identification information, and telephone numbers of potential victims. All information re possession, ownership, control or use of such materials. Such victims include, but are not be limited to D.M., K.M.,D.L., E.L., K.H., K.R., and D.K. which full names are known to law enforcement.

4. Electronic books, records, receipts, bank statements and records, money drafts, letters of credit, money order and cashier checks receipts, passbooks, bank checks and other electronic items evidencing the obtaining, secreting, transfer, and/or concealment of assets and the obtaining, secreting, transfer, concealment and/or expenditure of money associated with theft or possession of stolen U.S. Mail, postal property, stolen property, electronic transfer of funds, and the use of identifications, checks, and application of credit cards in the names of persons other than Anthony Shepherd, Tiffany Ornelas, Malcolm Allen, and Justin Clayton. All records related to the use of victim addresses.

5. Image files of any and all associates and people referenced in electronic books, records, receipts, bank statements and records, money drafts, letters of credit, money order and cashier checks receipts, passbooks, bank checks and other electronic items evidencing the obtaining, secreting, transfer, and/or concealment of assets and the obtaining, secreting, transfer, concealment and/or expenditure of money associated with theft of U.S. Mail, postal property, stolen property, the use of identifications of others, credit card applications in the names of others, and the electronic transfer of funds.

6. Electronic books, records, receipts, notes, ledgers, pictures, video, and communications (emails and text messaging) relating to use, acquisition, and/or sale of others' mail, personal identifying information, and financial information. Electronic books, records, receipts, notes, ledgers, pictures, video, and communications (emails and text messaging) relating to contents of mail or property in the names of others (including relating to mailed cash and checks and postal customer property), together with indicia of the possession, control, ownership, or use of such records.

7. Electronic books, records, receipts, notes, ledgers, pictures, video, and communications (emails and text messaging) relating to online purchases, on-line chats, and e-mails relating to victim profiles, obtaining, possessing, and creating i.d.s and or financial instruments in names other than Anthony Shepherd, Tiffany Ornelas, Malcolm Allen, and Justin Clayton

8. Electronic books, records, receipts, notes, ledgers, pictures, video, and communications (emails and text messaging) relating to device (and or i.d.) making materials/equipment.

9. Electronic books, records, receipts, notes, ledgers, pictures, video, and communications (emails and text messaging) relating to causing mail to be sent in names other than Shepherd, Clayton, Ornelas, or Allen including the fraudulent application of credit/debit cards, the mailing of such cards, and the fraudulent use of such cards.

Attachment B                                                                                                           Page 2